IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR MENDEZ-BERNAL and JOSE ANTONIO MENDEZ-BERNAL,<br><br>      Defendants. | CRIMINAL ACTION FILE<br><br>NO. 3:19-cr-10-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [66] which recommends granting Defendant Jose Antonio Mendez-Bernal's motion [34] to sever, and denying his motion [32] to suppress evidence and motion [33] to suppress statements. The R&R also recommends granting in part and denying in part Defendant Hector Mendez-Bernal's motion [30] to suppress statements and denying his motion [29] to

suppress and motion [31] to suppress search and seizure of cell phone. Hector, the Government, and Jose have filed objections [71, 72, 73] to the R&R.

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions.

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

---

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

3

## II.   Discussion

### A.   Hector's Objections

Hector first objects to the R&R's conclusion that Trooper Anthony Munoz had probable cause to stop Defendants' vehicle for speeding and asserts that the magistrate judge legitimized a pretextual illegal stop.

The R&R properly found that Munoz had probable cause—he observed the car speeding, and case law indicates that an officer's observation of a vehicle's excessive speed is all that is required to conduct a traffic stop. Moreover, the law is clear that an officer's subjective intentions and motives are irrelevant where the officer has probable cause for the stop. The objection will be overruled.

Hector next objects to the R&R's finding that Defendants' detention following the stop was within the bounds permitted by *Terry v. Ohio*, 391 U.S. 1 (1968). The Court has reviewed the record and finds that the R&R correctly concluded that the stop was within the bounds permitted by *Terry*. The bases for prolonging the stop included translation issues and technology problems. Moreover, the stop was prolonged by a consensual search.

Third, Hector objects to the R&R's finding that Defendants were not in custody when Munoz asked them certain questions "about the cylinder, his business, and their travel plans," [71] at 3, and that Munoz was not required to advise them of their *Miranda* rights. Defendants were not in custody—the facts indicate that the car was stopped in a public place, no restraints confined Defendants, no officers used physical force, and no officers used weapons. The atmosphere did not warrant a *Miranda* warning prior to questioning. The objection will be overruled.

Finally, Hector objects to the R&R's finding that he failed to satisfy the initial burden of showing that a search of his cell phone was conducted in violation of the Fourth Amendment. The R&R properly concluded that even though law enforcement may have gained access to his phone prior to advising him of his *Miranda* rights, there is no evidence that law enforcement searched his phone until after they were given consent to do so. The objection will be overruled.

## B.   Government Objections

The Government objects to the R&R's finding that Task Force Officer Nermin Cultaveric obtained Hector's password in violation of *Miranda*. Specifically, the Government argues that law enforcement was not required to read Hector *Miranda* rights before obtaining his cell phone passcode.[2]

Hector must show three things for his act of typing his password into his cellphone to fall within the ambit of the Fifth Amendment: (1) compulsion; (2) a testimonial communication or act, and (3) incrimination. Here, the R&R properly concluded that all three were present. Hector was in custody; he communicated his passcode by typing it into his phone; and case law indicates that the production of cellphone passwords constitutes incriminatory testimony. The Government's objection will be overruled.

---

[2] The Government cites *United States v. Venegas*, 594 F. App'x 822, 826–27 (5th Cir. 2014), to support its assertion. Though the Government's citation of the case and arguments throughout indicate that *Venegas* is Eleventh Circuit precedent, it is a Fifth Circuit case and therefore not binding on this Court.

6

### C.   Jose's Objections

Jose objects to multiple factual findings in the R&R, but because he does not identify how those factual findings affect the outcomes of the R&R, the objections will be overruled.

Jose then objects to the R&R's finding regarding the duration of the traffic stop. Specifically, he argues that the R&R relies on *United States v. Cantu*, 227 F. App'x 783, 785 (11th Cir. 2007), a case with readily distinguishable facts. Specifically, he highlights that *Cantu* concerned a traffic stop that lasted only twenty-seven minutes and did not involve the officer putting the defendant in a patrol car to interrogate him. Moreover, he argues that *Cantu* relied on *Illinois v. Cabelles*, 543 U.S. 405 (2005), which had nothing to do with permitting questioning during a traffic stop.

Though the objections highlight that the stop was prolonged because the dog did not alert on the drugs until fifty minutes into the stop, Munoz could not process the warning twenty-eight minutes into the stop because the system was down. Munoz then proceeded to begin a consent search of the vehicle, upon which he discovered the cylinder

and the dog arrived. "An officer may lengthen the detention for further questioning beyond that related to the initial stop if the officer has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring, or if the initial detention has become a consensual encounter." *United States v. Francis*, No. 1:05-cr-254-JTC/AJB, 2007 WL 9718918, at *15 (N.D. Ga. Feb. 16, 2007), *report and recommendation adopted*, No. 1:05-cr-254-JTC, 2007 WL 9718917 (N.D. Ga. Oct. 3, 2007) (quoting *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999)). Because Jose gave consent to search the vehicle, the duration of the stop was not prolonged, and the objection will be overruled.[3]

Jose also objects to the R&R's conclusion that the consent to search the vehicle was voluntary and not the product of a show of authority because it improperly focuses on whether Jose was physically restrained. The R&R does not improperly focus on whether Jose was physically restrained—rather, it highlights that Jose offered to let

---

[3] In Jose's objections to the facts, he argues that he did not refuse to sign the consent form and that there was a misunderstanding. Regardless, the record indicates that consent was given to search the vehicle.

8

Munoz search the car and again stated that Munoz could search the vehicle—even after Munoz printed a consent to search form in Spanish. The R&R correctly considered the totality of circumstances in making its determination that the search of the car was voluntary, rather than the product of a show of authority.

Moreover, Jose argues that he was never told he did not have to answer questions or that he was free to leave. However, it is "unrealistic to require police officers to always inform detainees that they are free to go before a consent to a search may be deemed voluntary." *Ohio v. Robinette*, 519 U.S. 33, 39–40 (1996). Therefore, Jose's objection will be overruled.

Finally, Jose objects to the R&R's conclusions that his statements should not be suppressed and that the statements in the patrol car were not the product of interrogation. In particular, he argues that the R&R cites a line of cases that address the Fourth, rather than the Fifth Amendment.

It is well established that the requirement that an individual receive *Miranda* warnings before answering questions applies only

when the individual is in custody. To determine whether an individual is in custody, the test is whether a reasonable person would have felt a restraint on his freedom equal to that associated with a formal arrest. Though Jose may have felt uncomfortable leaving the police car, any hesitation "did not result from the exercise of direct or implied coercive restraint by agents of the government." *United States v. Torkington*, 874 F.2d 1441, 1445 (11th Cir. 1989). Moreover, the R&R correctly cites *United States v. Francis,* No. 1:05-cr-254-JTC/AJB, 2007 WL 9718918, at *14 (N.D. Ga. Feb. 16, 2007), *report and recommendation adopted,* No. 1:05-cr-254-JTC, 2007 WL 9718917 (N.D. Ga. Oct. 3, 2007), which determined that a traffic stop did not transform into an in-custody arrest after an officer directed a defendant to enter the front seat of a patrol car for questioning.[4] Therefore, Jose's objection will be overruled.

---

[4] The holding from *Francis* relates to whether placement in the car constitutes an arrest and therefore required probable cause. It is relevant to Jose's objections because if Jose's placement in the car transformed the stop into an arrest, the officer would have been required to advise Jose of his *Miranda* rights.

10

## III. Conclusion

The Court has carefully reviewed the R&R and all objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that neither Hector, the Government, nor Jose's objections have any merit. Therefore, the Court adopts as its Order the R&R [66]. The motion for severance [34] is granted; Hector's motion [30] to suppress statements is granted in part and denied in part; and the remaining motions to suppress evidence and statements [29, 31, 32, 33] are denied.

IT IS SO ORDERED this 11th day of September, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge